Karen Budd-Falen (*pro hac vice* pending)
Kathryn Brack Morrow (NM Bar No. 24739)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile

*Attorneys for Plaintiff Board of Commissioners*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE BOARD OF COMMISSIONERS OF
CATRON COUNTY, NEW MEXICO,

          Plaintiff,

          v.

UNITED STATES OF AMERICA; UNITED STATES
DEPARTMENT OF AGRICULTURE and the
UNITED STATES FOREST SERVICE, EDWARD
ATWOOD; VAN CLOTHIER; JOHN DRAKE;
JESSIE HARDIN; DONLEE MARTIN;
JOE GUZMAN; COREY PULLIG; GREGORY
SMESTAD; LEWIS (BILL) W. KELLY, AND
ALL UNKNOWN PERSONS CLAIMING
AN INTEREST IN THE PROPERTY,

          Defendants.

Case No. _____

**COMPLAINT TO QUIET TITLE**

Plaintiff Board of Commissioners of Catron County ("Catron County"), by and

through its undersigned attorneys, Karen Budd-Falen and Kathryn Brack Morrow of the

Budd-Falen Law Offices, LLC, files its Complaint against the United States Department

of Agriculture, Edward Atwood, Van Clothier, John Drake, Jessie Hardin, Donlee

Martin, Joe Guzman, Corey Pullig, Gregory Smestad, Lewis W. (Bill) Kelly, and all

unknown persons claiming an interest in the property that is the subject of this litigation pursuant to the Federal Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a.

## NATURE OF ACTION

1.  Through the Federal Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a, this action seeks to quiet title through declaratory relief by requiring Defendants United States of America Department of Agriculture, Edward Atwood, Van Clothier, John Drake, Jessie Hardin, Donlee Martin, Joe Guzman, Corey Pullig, Gregory Smestad, Lewis (Bill) W. Kelly, and other unknown parties to open and/or recognized a public right-of-way, as required by Revised Statute 2477 (formerly codified at 43 U.S.C. § 932), over a road that traverses private land and Federal public land, owned and managed by the Forest Service, in order to ensure access at all times and in order to maintain the road without Forest Service or private landowner approval or notification.

2.  Specifically, Plaintiff Catron County challenges the private landowners' and Forest Service's violations of, and failure to comply with, Revised Statute 2477. Revised Statute 2477 provided that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." The Act of July 26, 1866, § 8, ch. 262, 14 STAT. 251, 253 (1866) (formerly codified at 43 U.S.C. § 932). Congress enacted a grant of rights-of-way over unreserved public lands for the construction of highways. The grant was originally section 8 of the Mining Act of 1866, which became section 2477 of the Revised Statutes, hence the grant is commonly referred to as R.S. 2477.

3.    The grant is self-executing and an R.S. 2477 right-of-way comes into existence "automatically" when the requisite elements are met.  See Shultz v. Department of Army, 10 F.3d 649, 655 (9th Cir. 1993).

4.    One hundred and ten years after its enactment, R.S. 2477 was repealed with the passage of the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. § 1701 *et. seq.*  See 43 U.S.C. § 932, repealed by Pub. L. No. 94-579, § 706(a), 90 STAT. 2743, 2793 (1976).  Even though FLPMA repealed R.S. 2477, FLPMA explicitly preserved any rights-of-way that existed before October 21, 1976, the date of FLPMA's enactment.  See 43 U.S.C. § 1769(a) (stating that nothing "in this subchapter shall have the effect of terminating any right-of-way or right-of-use heretofore issued, granted, or permitted."); see also 43 U.S.C. § 1701, Savings Provision (a) and (h).  Therefore, R.S. 2477 rights-of-way which were perfected prior to 1976 are valid even after the repeal of R.S. 2477.  The repeal of R.S. 2477 "froze" the scope of the R.S. 2477 right-of-way.  Thus, the scope of the R.S. 2477 right-of-way is limited by the established usage of the route as of the date of repeal of the statute.  Southern Utah Wilderness Appliance v. Bureau of Land Management, 425 F.3d 735, 746 (10th Cir. 2005, as amended 2006).

5.    The private property and Federal public lands, and the road at issue herein, all lie within Catron County, New Mexico.

6.    Plaintiff Catron County governs the area at issue.

3

7.      In or around 2006, some of the private landowner Defendants, Gregory Smestad and Van Clothier, blocked the right-of-way, and prohibited public use of the right-of-way.

8.      Further, on May 20, 2011, the Defendant Forest Service has stated that this area is within the Devils Park Roadless Area and that travel on the road is limited to equestrian and foot travel.  Additionally according to the Forest Service Draft Environmental Impact Statement for its Travel Management Plan, the Forest Service states use of the road will be limited to "Authorized Use" only.  Finally the middle segment of the road has been erased from some Forest Service maps.

9.      Accordingly, by closing or refusing to recognize a public road, the private landowners and the Forest Service are violating the Congressional mandate contained within Revised Statute 2477 by interfering with a right-of-way over public lands, and judicial relief is necessary and appropriate in order to recognize that such a right-of-way exists, to ensure access at all times over the road at issue herein, and to perform occasional routine maintenance of said road without Forest Service or private party approval or notification.

## JURISDICTION AND VENUE

10.     Catron County brings this civil action to request this Court to quiet title to a recognized, existing county road (the "River Road") that traverses private land and Federal public land owned and managed by the United States Department of Agriculture, United States Forest Service.  The nature of the right, or interest, which Catron County claims in the real property at issue was acquired pursuant to Revised Statute 2477.

11. The private landowners and the Forest Service have taken adverse action against such property by closing and/or refusing to recognize a public road. An "agency may not use its authority, either by delay or by unreasonable disapproval, to impair the rights of the holder of the R.S. 2477 right of way." Southern Utah Wilderness Alliance ("SUWA") v. Bureau of Land Management, 425 F.3d 735, 748 (10th Cir. 2006).

12. Defendants United States Department of Agriculture and the United States Forest Service have consented to a waiver of sovereign immunity in civil actions to adjudicate disputes regarding real property in which the United States claims an interest. See 28 U.S.C. §§ 1346(f) and 2409a.

13. Federal Defendants have also consented to a waiver of sovereign immunity in civil actions to adjudicate disputes involving a person suffering a legal wrong, or adversely affected or aggrieved by agency action. See 5 U.S.C. § 702.

14. Catron County also brings this civil action for a writ of mandamus pursuant to 28 U.S.C. § 1361 in order to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Catron County seeks to compel the private landowners and Forest Service to provide the County and the public a recognized right-of-way, as required by Revised Statute 2477, in order to ensure access at all times over a road that traverses private land and Federal public land owned and managed by the Forest Service and in order to maintain said road without Forest Service or private landowner approval or notification. This includes, but is not limited to, the

removal of any barriers which currently prohibit access to the right-of-way in question.

15.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, including Revised Statute 2477, the Declaratory Judgment Act (28 U.S.C. § 2201), the Quiet Title Act (28 U.S.C. §§ 1346(f) and 2409a), and the Equal Access to Justice Act (28 U.S.C. § 2412). An actual, justiciable controversy now exists between Catron County and the Defendants; therefore, this Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§ 2201 and 2202.

16.   Since this action is against the United States and is founded upon an Act of Congress, jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1346(a)(2).

17.   Venue is proper in the United States District Court for the District of New Mexico in that the land at issue is located in the District of New Mexico.

18.   This case is ripe for judicial review because the Defendants' employees, officers, and agents have unlawfully interfered with, and will continue to interfere with and deny use of a public road in violation of Revised Statute 2477.  The Defendants have also unlawfully interfered with, and will continue to unlawfully interfere with, Plaintiffs' right, as members of the public, to use and maintain their right-of-way granted pursuant to Revised Statute 2477.

19.   Plaintiffs are bringing this claim within the appropriate statute of limitations period for each cause of action.  The statute of limitations for claims under the

Federal Quiet Title Act is twelve years. <u>See</u> 28 U.S.C. § 2409a(g). This statute of limitations began to run upon the closure of the River Road, in May 2006.

## **PARTIES**

20.   Plaintiff Board of Commissioners of Catron County is the governing body of Catron County, New Mexico. Catron County is a political subdivision of the state of New Mexico, located in the south-west area of the state, and is authorized to maintain this action.

21.   Defendant United States is the properly named party in cases to quiet title under the Federal Quiet Title Act.

22.   Defendant United States Department of Agriculture is an executive department of the United States government, and has jurisdiction over the Defendant United States Forest Service. The principal office of the United States Department of Agriculture is in Washington, D.C. This Department controls the management of the Gila National Forest, through which the River Road traverses.

23.   Defendant Forest Service is divided into Regions, Forests and Districts. As related to this Complaint, the area at issue is located in the Southwest Region 3, Gila National Forest, Reserve Ranger District.

24.   Edward Atwood is a private landowner who owns property traversed by the River Road at issue in this litigation. Defendant Atwood's private property was originally transferred into private hands in 1913.

25.   Van Clothier  is a private landowner who owns property traversed by the River Road at issue in this litigation. Defendant Clothier's private property was transferred into private hands in approximately 1900.

7

26.    John Drake  is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Drake's private property was originally transferred into private hands in 1900.

27.    Jessie Hardin  is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Hardin's private property was originally transferred into private hands in 1900.

28.    Donlee Martin  is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Martin's private property was originally transferred into private hands in 1900.

29.    Joe Guzman  is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Guzman's private property was originally transferred into private hands in 1892.

30.    Corey Pullig  is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Pullig's private property was originally transferred into private hands in 1892.

31.    Defendant Lewis (Bill) W. Kelly is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Kelly's private property was originally transferred into private hands in 1892.

32.    Defendant Gregory Smestad is a private landowner who owns property traversed by the River Road at issue in this litigation.  Defendant Smestad's private property was originally transferred into private hands in 1922.

33.    Defendant All Unknown Parties includes all unknown persons who might have an interest in the right-of-way that is the subject of this action.

## FACTUAL ALLEGATIONS

34.   Catron County encompasses approximately 6,929 square miles of land, and is the largest county in the state of New Mexico.  However, approximately seventy-five percent (75%) of the land within Catron County is state and federal land, while approximately 25% of the land in Catron County is privately owned.

35.   Due to the vast expanses of federal land, R.S. 2477 is a critical authorization for public highways within the County.

36.   Plaintiff Catron County is the governing body of Catron County, New Mexico, and passed Resolution 008-2007 on August 2, 2006.  This Resolution asserted that the road at issue is an R.S. 2477 right-of-way.

37.   The road at issue, referred to throughout this Complaint as the "River Road," commences at a point south of the San Francisco Plaza to the property owned by Bill Kelly.

38.   The road crossed the river several times, and traversed along the side of the river on one side or the other.

39.   A portion of the road from Alma, New Mexico to the Kelly Ranch has not been used for seventy or eighty years, as it was abandoned as a practical matter after the creation of U.S. Highway 180 and county road C-011.

40.   However, the portion claimed as an R.S. 2477 road by Catron County - that portion from south of the San Francisco Plaza to the Kelly Ranch - has been continuously used since its creation.  Hereinafter, any references made to "the road" or "the River Road" are referring strictly to that portion of the road.

41.   The New Mexico Department of Transportation is an executive department of the State of New Mexico.  Its principal office is located in Santa Fe, New Mexico. This department has, at various points, included the River Road at issue on state highway maps.  The New Mexico Department of Transportation has disclaimed all right, title and interest in the road.  See Van Clothier v. United Stated Department of Agriculture et al, 07-cv-214-JAP (Doc. 28, April 25, 2007).

42.   The road is approximately 15-20 miles in length, and follows the San Francisco River throughout its trajectory.  The entire road traverses land owned and managed by the Forest Service, as well as some scattered parcels of private land that are Forest Service inholdings.

43.   Pursuant to the Treaty of Guadalupe Hidalgo, the United States began governing the land traversed by the River Road in 1848.

44.   The River Road was originally established prior to 1882, when Catron County was first being settled, and prior to New Mexico's statehood in 1912.  This establishment is demonstrated by the original survey of Township 8 South, Range 19 West, New Mexico Principal Meridian, New Mexico, approved by the General Land Office in Santa Fe on June 21, 1882.  The San Francisco River and the River Road are clearly depicted on the survey plat.

45.   Between 1862 and the present, the road was in a condition sufficient to allow travel of all kinds.  Stagecoaches, horse-drawn buggies, and freight wagons traveled to and from Alma and Reserve, New Mexico.

46.   People traveled on the road to gain access to their homesteads, to visit relatives, to go to Socorro, New Mexico - which was the county seat at one time, and to bring products to markets.  The road was also used for the transportation of mail.

47.   At all times, the River Road has been maintained by landowners, the public, and Catron County.

48.   Although the proximity to the river frequently made this road impassible, the situation has always been quickly remedied by landowners, the public, and/or Catron County.

49.   The River Road has been recognized as a right-of-way many times throughout its history.  As noted above, it was first acknowledged by the United States in the original survey of Township 8 South, Range 19 West, New Mexico Principal Meridian, New Mexico in 1882.

50.   The land currently owned by Mr. Clothier was patented in approximately 1900, after the creation of the River Road.

51.   The remaining public lands in Township 8 South, Range 19 West, were placed into Forest Reserve status via Presidential Proclamation on March 2, 1899, after the creation of the River Road.

52.   On July 1, 1905, the United States Forest Service, upon its establishment, began managing the federal lands over which the River Road traverses.

53.   Van Clothier began prohibiting public travel across the River Road in May 2006, when his agent, Jess Hardin, informed Danny Fryar that he would no longer permit access through his property in order for Mr. Fryar to reach his Forest Service grazing allotment.

54.     Danny Fryar announced that Van Clothier had closed the River Road, and asked Catron County to establish that the River Road was under their control as a historic road.  Because the Commissioners knew the history of the road, believed that it was in fact an R.S. 2477 road, and knew of its necessity to the public, they passed Resolution 008-2007.

55.     Resolution 008-2007 correctly stated that a road existed from Reserve to Alma, New Mexico along the San Francisco River prior to the Forest Reserve Act.  Further, it correctly stated that the portion of the road from Alma to the Kelly Ranch has been abandoned for a significant period of time.  In that same Resolution, Catron County announced that the portion of the River Road from Reserve to the Kelly Ranch was protected by the R.S. 2477 statute, and is a public road.

56.     If a recognized right-of-way exists, pursuant to R.S. 2477, the Forest Service has no jurisdiction over the River Road.  At the same time, the Forest Service may not preclude or unreasonably interfere with the reasonable exercise of the scope of rights, as those rights existed on October 21, 1976, of those who hold valid rights-of-way within the boundaries of Federal land.

57.     Furthermore, Catron County brings this action in order for its employees and the general public to enjoy unfettered use and routine maintenance of the road without fear of administrative, civil, or criminal liability for any alleged unauthorized activity or trespass.

58.     The private landowners and the Forest Service refuse to recognize the existence of a right-of-way across the public land pursuant to R.S. 2477.

59.  Rights-of-way established pursuant to FLPMA are subject to annual rental payments for their use and occupancy.  See 43 U.S.C. § 1764(g).  Such rights-of-way are further subject to terms and conditions regarding scenic values, aesthetic values, fish and wildlife habitat, or otherwise to protect the environment, federal property, or economic interests.  See 43 U.S.C. § 1765.

60.  However, since this is a right-of-way easement established pursuant to R.S. 2477, there are no annual rental payments required and Catron County and its citizens, as members of the public, would otherwise be subject only to reasonable regulations that would not interfere with their historical use and enjoyment of the River Road, as that use existed on October 21, 1976, the date FLPMA was signed into law.

61.  In March 2007, Defendant Van Clothier filed a lawsuit pursuant to the Quiet Title Act in the United States District Court for the District of New Mexico against the United States Department of Agriculture, the New Mexico Department of Transportation, the Board of Commissioners of Catron County, New Mexico, Danny Fryar and all unknown persons claiming an interest in the River Road.  See Civ. 07-0214-JP/ACT (hereinafter referred to as "the 2007 litigation").  Defendant Gregory Smestad intervened in that litigation.  The United States Department of Agriculture asserted a counterclaim against Clothier for violation of the Unlawful Inclosures of Public Lands Act, 43 U.S.C. § 1601 et seq.

62.  In the 2007 litigation, Catron County initially filed a Counter/Cross-Claim asserting the same claims raised in this Complaint.  See Civ. 07-0214-JP/ACT at Docket No. 85-1.  However, those claims as to the United States Department of

Agriculture were withdrawn pursuant to joint stipulation with the USDA. See Docket No. 107. That stipulation expressly stated that "Catron County, by agreeing to this Stipulated Order, does not waive the right to raise the claims involved in this settlement, or any additional claims, against the United States in future litigation. Additionally, Catron County does not waive the right to assert any factual or legal conclusions issued by the court in the present case in future litigation." See id. at ¶ 6.

63.  Eventually, Van Clothier's claims against the federal government, and those pursuant to federal statute, in the 2007 litigation were dismissed by the United States District Court. See Memorandum Opinion and Order dated October 6, 2008, Civ. 07-0214-JP/ACT at Docket No. 156. The District Court then dismissed all claims, as state law claims were then the predominate claims in the action. See id. Therefore, none of the claims in the 2007 litigation that are raised in the present litigation were resolved. See id.

64.  In the 2007 litigation, the United States Department of Agriculture made several statements which are pertinent to the present litigation. See Civ. 07-0214-JP/ACT, Docket No. 152. There, the USDA stated that "the public has used the River Road (the "Old Road") from, at least, 1882." See id. at ¶ 8.

65.  Further, the USDA stated that "until blockaded by Clothier in the 1990s, the road was used by the public for over 100 years." See id. at ¶ 9.

## STATUTORY BACKGROUND

*RIGHT-OF-WAY GRANTS UNDER R.S. 2477*

66.    Revised Statute 2477 provided that "the right of way for the construction of

highways over public lands, not reserved for public uses, is hereby granted."  The

Act of July 26, 1866, ch. 262, § 8, 14 STAT. 251, 253 (1866) (formerly codified at

43 U.S.C. § 932).  Congress enacted a grant of rights-of-way over unreserved

public lands for the construction of highways.  The grant was originally section 8

of the Mining Act of 1866, which became section 2477 of the Revised Statutes.

67.    The grant is self-executing and an R.S. 2477 right-of-way comes into existence

"automatically" when the requisite elements are met.  See Shultz v. Department

of the Army, 10 F.3d 649, 655 (9th Cir. 1993).

68.    One hundred and ten years after its enactment, R.S. 2477 was repealed with the

passage of the Federal Land Policy and Management Act ("FLPMA") of 1976, 43

U.S.C. § 1701 *et. seq.*  See 43 U.S.C. § 932, repealed by Pub. L. 94-579, § 706(a),

90 STAT. 2743, 2793 (1976).  Even though FLPMA repealed R.S. 2477, FLPMA

explicitly preserved any rights-of-way that existed before October 21, 1976, the

date of FLPMA's passage.  See 43 U.S.C. § 1769(a) (stating that nothing "in this

subchapter shall have the effect of terminating any right-of-way or right-of-use

heretofore issued, granted, or permitted."); see also 43 U.S.C. § 1701, Savings

Provisions (a) and (h).  The repeal of R.S. 2477 "froze" the scope of the R.S. 2477

right-of-way.  Thus, the scope of an R.S. 2477 right-of-way is limited to the

established usage of the road as of the date of repeal of the statute.  SUWA v.

BLM, 425 F.3d 735, 746 (10th Cir. 2006).

15

69.   Therefore, R.S. 2477 rights-of-way which were perfected prior to 1976 are valid even after the repeal of R.S. 2477.

70.   Public highways established under R.S. 2477 became right-of-way easements across public lands that can only be terminated by abandonment or an affirmative act by the authorized state or county vacating the road.

71.   Whether a public highway was established is determined by the requirements of state law.  In the present litigation, the law of the State of New Mexico, and its territorial laws, govern the establishment of a public highway.

72.   In New Mexico, where the River Road is located, "there is no particular method required or recognized as the proper one for the establishment of highways under [R.S. 2477]."  Wilson v. Williams, 87 P.2d 683, 685 (N.M. 1939).  An R.S. 2477, under New Mexico law, can be established through public use without any formal action on the part of public authorities.  See id. ("Public use is sufficient to constitute dedication."; see also Lovelace v. Hightower, 168 P.2d 864, 867 (N.M. 1946).

73.   Under New Mexico law, the public may also accept the offer of dedication by the public authorities taking possession of and maintaining the road, or pursuant to state statute.  See Lovelace, 168 P.2d at 871; see also Board of Comm'rs of San Miguel County v. Friendly Haven Ranch Co., 257 P. 998 (N.M. 1927).

74.   Because R.S. 2477 was enacted to encourage the expansion, exploitation, and development of public lands, the courts are to apply the concept of acceptance by public use liberally.  See Luchetti v. Bandler, 777 P.2d 1326, 1327 (N.M. App. 1989).

16

75.   The acceptance of an R.S. 2477 right-of-way for public use is preserved from the moment that continuous use of the road begins.  See id. at 1327-28, citing Uhl v. McEndaffer, 225 P.2d 839 (Colo. 1950).

76.   Finally, the scope of the right-of-way finds limitations in the light of the uses to which the road was put at the time that FLPMA repealed R.S. 2477 on October 21, 1976.  The "scope" of a right-of-way refers to the bundle of property rights possessed by the holder of the right-of-way.  This bundle is defined by the physical boundaries of the right-of-way as well as the uses to which it has been put.  The scope of the right-of-way is correctly measured according to New Mexico state law.

77.   Such areas along the roadway beyond the actual beaten path as are reasonable and necessary to provide safe travel on the road, including lands on which attendant accouterments such as drainage ditches and culverts existed as of the date of the reservation of the subject lands adjacent to the road, or are reasonably and necessarily added after that date to accommodate increased travel for pre-existing uses, are part of the reasonable and necessary use of the roadway, and are therefore within the scope of the R.S. 2477 right of way.  See Sierra Club v. Hodel, 848 F.2d 1068, 1083-84 (10th Cir. 1988).

78.   Applicable law, historical practice, and sound engineering confirm that an R.S. 2477 right-of-way, as distinguished from the disturbed width of the road, includes a minimum width of 66 feet and any features, facilities, cuts, slopes, water bars, drainage runouts, and fill areas necessary to ensure a safe travel

surface as reasonable and necessary under the circumstances specific to each road.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF:**
**QUIET TITLE IN A RIGHT-OF-WAY ACROSS**
**PRIVATE LANDS AND FEDERAL PUBLIC LANDS PURSUANT TO R.S. 2477**

79. All allegations set forth in the foregoing paragraphs are incorporated by reference as if set forth fully below.

80. Catron County brings this civil action, pursuant to the Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a, to enforce a recognized right-of-way over a road that traverses privately-owned and Federal public land owned and managed by the Forest Service.

81. The nature of the right, title or interest, which Catron County claims in the real property at issue was acquired pursuant to Revised Statute 2477.

82. Revised Statute 2477 provided that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." The Act of July 26, 1866, ch. 262, § 8, 14 STAT. 251, 253 (1866) (formerly codified at 43 U.S.C. § 932).

83. Catron County has met the necessary elements to establish a granted right-of-way pursuant to R.S. 2477. The River Road is a "public highway" as defined by New Mexico state law, and was accepted by the public.

84. The nature of the right, title, or interest, which the private landowners and the Forest Service claim in the real property herein lies in the fact that the private

landowners and the Forest Service own and manage the privately-owned and
Federal public lands which surround the road at issue herein.

85.    The private landowners and the Forest Service continue to deny Catron County
any permission to use or to perform maintenance on the River Road.  The private
landowners and the Forest Service refuse to recognize the existence of a right-of-
way across the road pursuant to R.S. 2477.

86.    If a recognized right-of-way exists, pursuant to R.S. 2477, Catron County would
not be liable for any trespass to the United States or to the private landowners for
maintenance of the road.  At the same time, neither the Forest Service nor private
landowners may preclude or unreasonably interfere with the reasonable exercise
of the rights of those who hold valid rights-of-way within the boundaries of
Federal land.

87.    Furthermore, Catron County brings this action in order to enjoy unfettered use
and maintenance of the road and to provide access to private property without
fear of administrative, civil, or criminal liability for any alleged unauthorized
activity or trespass.

88.    Judicial relief is necessary and appropriate, pursuant to the Quiet Title Act, in
order to recognize that such a right-of-way exists, to ensure access at all times
over the road at issue herein, and to perform occasional maintenance of said road
without private landowner or Forest Service approval or notification.

## SECOND CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT RECOGNIZING A RIGHT-OF-WAY ACROSS
## PRIVATE AND FEDERAL PUBLIC LANDS PURSUANT TO R.S. 2477

89.    All allegations set forth in the foregoing paragraphs above are incorporated by
       reference as if set forth fully below.

90.    Title 28 U.S.C. § 2201 authorizes this court to "declare the rights and other legal
       relations of any interested party seeking such declaration, whether or not further
       relief is or could be sought.  Any such declaration shall have the force and effect
       of a final judgment or decree and shall be reviewable as such."  28 U.S.C. §
       2201(a); see also 28 U.S.C. § 2202.

91.    This action seeks to quiet title through declaratory relief by requiring the private
       landowners and the Forest Service to provide Catron County a recognized right-
       of-way, as required by Revised Statute 2477, over a road that traverses both
       privately-held and Federal public land, owned and managed by the Forest
       Service, in order to ensure access to public and private property at all times and
       in order to routinely maintain the road without Forest Service or private
       landowner approval or notification.

92.    Revised Statute 2477 provided that "the right of way for the construction of
       highways over public lands, not reserved for public uses, is hereby granted."  The
       Act of July 26, 1866, ch. 262, § 8, 14 STAT. 251, 253 (1866) (formerly codified at
       43 U.S.C. § 932).

93.    Catron County has met the necessary elements to establish a granted right-of-way
       pursuant to R.S. 2477.

94.    Judicial relief is necessary and appropriate, pursuant to the Declaratory

Judgment Act, in order to recognize that such a right-of-way exists, to ensure

access at all times over the road at issue herein, and to perform occasional

maintenance of said road without private landowner or Forest Service approval

or notification.

**THIRD CLAIM FOR RELIEF:**
**WRIT OF MANDAMUS TO COMPEL THE FOREST SERVICE TO PROVIDE**
**ACCESS TO RIGHT-OF-WAY EASEMENT ACROSS FEDERAL PUBLIC**
**LANDS PURSUANT TO R.S. 2477**

95.    The allegations set forth in the foregoing paragraphs above are incorporated by

reference as if set forth fully below.

96.    Title 28 U.S.C. § 1361 authorizes this court to compel an officer of the United

States to perform a duty owed to Catron County.  Section 1361 specifically states:

> The district courts shall have original jurisdiction of any action in the
> nature of mandamus to compel an officer or employee of the United States
> or any agency thereof to perform a duty owed to the Plaintiff.

28 U.S.C. § 1361.

97.    Catron County has a "clear right to the relief sought" to compel the Forest Service

to provide them a right-of-way across Federal public lands pursuant to R.S. 2477.

See Smith v. Plati, 258 F.3d 1167, 1178-79 (10th Cir. 2001).  Pursuant to R.S. 2477,

the claim is "clear and indisputable" and the Forest Service's duty is "plainly

defined, peremptory and owed" to the County.  See Workman v. Jordan, 958 F.2d

332, 334 (10th Cir. 1992), and Public Citizen v. Kantor, 864 F.Supp. 208, 212

(D.D.C. 1994).

98.   Revised Statute 2477 specifically provided that "the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."  The Act of July 26, 1866, ch. 262, § 8, 14 STAT. 251, 253 (1866) (formerly codified at 43 U.S.C. § 932).

99.   Catron County has met the necessary elements to establish a granted right-of-way pursuant to R.S. 2477.

100.   A writ of mandamus is necessary and appropriate in order to compel the Forest Service to provide Catron County access to a right-of-way across the Federal public lands.

101.   This writ of mandamus is necessary to ensure access at all times over the road at issue herein, and to allow Catron County to perform occasional maintenance of said road without Forest Service approval or notification.

102.   Pursuant to R.S. 2477, the Forest Service has a "plainly defined and peremptory duty" to provide Catron County a right-of-way over the public lands.  See Morelli v. Alexander, 920 F. Supp. 556, 558 (S.D.N.Y. 1996); see also Smith, 258 F.3d at 1178-79.  The duty of the Forest Service in this action is a "positive command" and so "plainly prescribed as to be free from doubt."  Public Citizen, 864 F. Supp. at 212 (citations omitted).

103.   No other adequate remedy is available from the Department of Agriculture, because only the Federal district courts have original jurisdiction to invoke mandamus.  See 28 U.S.C. § 1361.

## REQUEST FOR RELIEF

WHEREFORE, on the foregoing basis, Catron County respectfully requests that the Court grant the following relief:

104.   A declaratory judgment that Catron County and the general public are entitled to a recognized right-of-way easement over Federal public lands pursuant to R.S. 2477;

105.   A declaratory judgment quieting title in Catron County for a public right-of-way over the privately-held and Federal public lands at issue herein, pursuant to R.S. 2477;

106.   A declaratory judgment that Catron County and the general public are entitled to access, at all times, over the road at issue herein, and to allow Catron County to perform occasional maintenance of said road without private landowner or Forest Service approval or notification;

107.   A declaratory judgment that Catron County and the general public are not liable for any trespass to the United States or to the private landowners for the maintenance or use of the road, and that the Forest Service may not preclude or unreasonably interfere with the reasonable exercise of the rights of those who hold valid rights-of-way within the boundaries of Federal land;

108.   A declaratory judgment that Catron County and the general public are not required to make annual rental payments for use and occupancy of the right-of-way at issue herein;

109.   A court order in the nature of a writ of mandamus compelling the authorized officer or officers of the Forest Service to provide Catron County a recognized right-of-way over the Federal public lands at issue herein, pursuant to R.S. 2477;

110.   An award to Catron County of its reasonable costs, litigation expenses, and attorney's fees associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and all other applicable authorities; and

111.   A grant of such further and other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 7th day of March, 2012.

/s/Kathryn Brack Morrow_____

Kathryn Brack Morrow (NM Bar No. 24739)
Karen Budd-Falen (*pro hac vice* pending)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, WY 82003-0346
307/632-5105 Telephone
307/637-3891 Telefax
kathryn@buddfalen.com